In the

# United States Court of Appeals
## for the Seventh Circuit

No. 21-1004

CARLOUS S. HORTON,

*Petitioner-Appellant*,

*v.*

STANLEY LOVETT, Warden,

*Respondent-Appellee*.

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 19 CV 50150 — **Iain D. Johnston**, *Judge*.

ARGUED FEBRUARY 8, 2022 — DECIDED JULY 7, 2023

Before SYKES, *Chief Judge*, and SCUDDER and JACKSON-AKIWUMI, *Circuit Judges*.

SYKES, *Chief Judge*. In 2012 a federal jury in the Western District of Missouri convicted Carlous Horton of multiple drug-trafficking, firearm, and wire-fraud crimes based on his involvement in a large drug-distribution organization. Horton had been convicted of state drug felonies on four prior occasions, including in 1995 in Illinois for possessing cocaine with intent to deliver in violation of 720 ILL. COMP.

STAT. 570/401(c)(2). So he faced a mandatory life sentence on two of the drug counts, *see* 21 U.S.C. § 841(b)(1)(A), and an enhanced sentence of 15 years to life on the firearm count under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The district court imposed two life sentences on the drug counts as required by § 841 and a life sentence on the firearm count, all to run concurrently, and concurrent terms of varying lengths on the remaining counts.

Horton's direct appeal failed in the Eighth Circuit. He then sought collateral relief in the sentencing court under 28 U.S.C. § 2255, but that motion likewise failed. At that point further § 2255 review was largely barred. Under § 2255(h) a successive motion is permitted if and only if it contains "newly discovered evidence" of innocence or is based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court."

Horton thereafter filed a petition for habeas corpus under 28 U.S.C. § 2241 in the Northern District of Illinois, where he was then confined,[1] seeking another round of collateral review via the "saving clause" in 28 U.S.C. § 2255(e). Ordinarily a § 2255 motion in the sentencing court is the exclusive method for a federal prisoner to collaterally attack his conviction or sentence, but § 2255(e) preserves a path to collateral review via habeas. On its face the saving-clause gateway to habeas review is narrow: the statute provides

---

[1] A habeas petition must be filed in the district where the prisoner is confined. 28 U.S.C. §§ 2242, 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). Horton was confined in a federal prison in the Northern District of Illinois when he filed his § 2241 petition. He has since been transferred to a federal prison in Colorado. The change in his custodian does not affect our jurisdiction. *See In re Hall*, 988 F.3d 376, 377–78 (7th Cir. 2021).

that a federal prisoner's § 2241 motion "shall not be entertained" unless the remedy by motion under § 2255 "is inadequate or ineffective to test the legality of his detention." § 2255(e).

Our decision in *In re Davenport* opened the saving-clause gateway for certain habeas claims premised on new statutory-interpretation decisions. 147 F.3d 605 (7th Cir. 1998). Channeling postconviction review to the § 2255 remedy and restricting prisoners to one such motion—with limited exceptions for newly discovered evidence and new rules of constitutional law—blocks prisoners from seeking the benefit of later statutory-interpretation decisions. We held in *Davenport* that § 2255 is "inadequate or ineffective"— and § 2241 is therefore available—when the limits on successive § 2255 motions bar relief and the prisoner's claim is based on a new interpretation of a criminal statute that was previously foreclosed by circuit precedent. *Id.* at 610–11.

Horton's habeas petition proposed to raise a *Davenport* claim challenging his life sentences based on *Mathis v. United States*, 579 U.S. 500 (2016). The government conceded that two of Horton's prior drug convictions are not proper § 841 predicates under *Mathis* and a third—the 1995 Illinois cocaine conviction mentioned above—also could not be counted as a predicate under our decision in *United States v. Ruth*, 966 F.3d 642, 647 (7th Cir. 2020). But the government opposed relief, arguing that although Horton's habeas petition was premised on new statutory-interpretation developments, he had not been previously precluded by Eighth Circuit precedent from making a *Ruth*-like argument and thus did not satisfy *Davenport*'s saving-clause test. The district judge agreed and denied relief.

Horton appealed, and we recruited pro bono counsel to assist him in presenting the complex procedural and substantive issues raised in his § 2241 petition.[2] After briefing and oral argument, the Supreme Court granted certiorari in *Jones v. Hendrix*, 142 S. Ct. 2706 (mem.) (2022), which raised the question whether *Davenport*'s interpretation of the saving clause—and similar interpretations adopted in other circuits—is correct. Because Horton's habeas petition depends on the continued viability of our decision in *Davenport*, we held this appeal for the Court's ruling in *Jones v. Hendrix*.

That decision is now in. The Supreme Court has rejected *Davenport*'s interpretation of the saving clause. *Jones v. Hendrix*, 21-857, 2023 WL 4110233, at *7 (June 22, 2023). As the Court explained:

> Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences. The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case.

*Id.* at *9. The Court's ruling abrogates *Davenport*.

Under *Jones v. Hendrix*, Horton cannot bring his statutory claim in a § 2241 habeas petition via the saving clause;

---

[2] Attorney Thomas L. Shriner of Foley & Lardner LLP accepted the representation and has ably discharged his duties. We thank him for his service to his client and the court.

indeed, "he cannot bring it at all." *Id.* We therefore affirm the district court's judgment denying his § 2241 petition, though on different grounds.

AFFIRMED